of facts, I cannot agree that Torrey was properly informed of his "range of allowable punishment." *United States ex rel. Pebworth v. Conte,* 489 F.2d 266, 268 (9th Cir.1974).

The sentence Torrey is now serving was a direct result of his plea. It is true that the line between direct consequences, of which the defendant must be warned, and collateral consequences, of which he need not be warned, is not easily drawn. But Torrey was sentenced anew by the original sentencing court for the crime to which he pleaded guilty. His situation is different from that of a parole violator, who is determined by the independent parole commission to have violated a condition of his parole and is returned to prison to finish his original sentence. While Torrey did misbehave while in custody of the Youth Authority, his resentencing is not truly based on that misbehavior, but on his original plea. We are not controlled by the view of the Eighth Circuit that direct consequences must be "largely automatic." *George v. Black,* 732 F.2d 108, 110 (8th Cir.1984) (quoting *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364 (4th Cir.), *cert. denied,* 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)). In any event, the Eighth Circuit cases dealt with independent civil commitment proceedings, which were much less directly connected to a guilty plea than Torrey's prison sentence. In the end, the question is whether the consequence is so closely related to the plea that fairness requires that the defendant be warned. In my view Torrey's prison sentence meets that test. I would grant the writ and permit him to withdraw his plea.

**NORTHWEST COALITION FOR ALTERNATIVES TO PESTICIDES (NCAP), et al.; Oregon Environmental Council (OEC); Audubon Society of Portland, Plaintiffs–Appellants,**

v.

**Richard E. LYNG, Secretary United States Department of Agriculture; James G. Watt, Secretary United States Department of the Interior, and all employees over whom he exercises authority; William Ruckelshaus, Secretary United States Environmental Protection Agency and all employees over whom he exercises authority, Defendants–Appellees,**

**Oregonians For Food and Shelter, Inc., Defendant–Intervenor–Appellee.**

No. 87–4394.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 1988.

Decided March 23, 1988.

Ralph A. Bradley, Bradley & Gordon, Eugene, Or., for plaintiffs-appellants.

Kathleen P. Dewey, Dept. of Justice, Washington, D.C., for defendants-appellees.

John DiLorenzo, Jr., Moshofsky, DiLorenzo & Dietz, Portland, Or., for defendant-intervenor-appellee.

Before GOODWIN, NELSON and LEAVY, Circuit Judges.

ORDER

The emergency motion for injunction is DENIED.

An opinion will be forthcoming.